UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYLER ROBERT SCOTT,

    Plaintiff,

v.                                    Case No. 3:23cv3469-MCR-HTC

RYAN DAY DWIGHT, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Tyler Robert Scott, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint seeking relief against Defendants under 42 U.S.C. § 1983. ECF Doc. 1. Upon review, the undersigned recommends this case be dismissed under 28 U.S.C. § 1915(e)(2)(B) as malicious for abuse of the judicial process for Plaintiff's failure to truthfully disclose his litigation history and *also* for failure to prosecute or follow orders of the Court.[1]

---

[1] Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 *et seq.*, "the court shall dismiss the case at *any time* if the court determines that . . . the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B) (emphasis added); *see also* 28 U.S.C. § 1915A(b).

## I. FAILURE TO DISCLOSE

In the complaint form, Plaintiff was asked to identify whether he has "**filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?**" ECF Doc. 1 at 10. Plaintiff answered "No" and failed to disclose any cases. *Id.* at 10–11. Plaintiff signed the complaint "under penalty of perjury" that all of the information included therein was true and correct, including his litigation history. *See id.* at 11–12.

Upon investigation, however, the Court discovered Plaintiff's response was false. Plaintiff did not disclose the following case, which was related to the conditions of his confinement and which was still pending at the time he filed suit: *Scott v. Aramark*, No. 3:22-cv-22212-LC-HTC (N.D. Fla.), filed on November 3, 2022, and dismissed on March 8, 2023, for failure to state a claim.[2] The plaintiff in that case bears Plaintiff's name and inmate number: X78606.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not

---

[2] In the complaint form, Plaintiff disclosed that he had one prior strike, *Scott v. Wooten*, 622cv1902-CEM-DAB. A review of the electronic docket for that case shows that it was dismissed for failure to state a claim in October 2022. The dismissal in *Aramark* represents Plaintiff's second strike, and this dismissal will be Plaintiff's third strike.

Case No. 3:23cv3469-MCR-HTC

tolerate false responses or statements in any pleading or motion filed before it. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

Thus, the Court should not allow Plaintiff's false response to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Case No. 3:23cv3469-MCR-HTC

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). Plaintiff's failure to truthfully disclose his litigation history was "malicious" under the PLRA, § 1915(e)(2)(B)(i), and is grounds for dismissal.

## II.    FAILURE TO PROSECUTE AND COMPLY WITH ORDERS

As a separate and independent ground for dismissal, the Court notes that Plaintiff has also failed to prosecute this case and comply with an order of the Court. On March 23, 2023, the Court granted Plaintiff's *in forma pauperis* application and ordered him to pay an initial partial filing fee of $7.50. ECF Doc. 11. The March 23 Order expressly warned Plaintiff that his failure to comply with it could result in a recommendation of dismissal. *Id.* at 3. After Plaintiff failed to submit the fee or otherwise respond within the allotted time, the Court issued a show cause order, giving Plaintiff fourteen (14) days to comply with the Court's March 23 Order or show cause why the case should not be dismissed. ECF Doc. 12. To date, however,

Plaintiff has not paid the initial partial filing fee or otherwise responded to the show cause order.[3]

Thus, dismissal of this case for Plaintiff's non-compliance is appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted).

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for abuse of the judicial process for Plaintiff's failure to truthfully disclose his litigation history, as well as for failure to prosecute or comply with an order of the Court.

2. The clerk be directed to close the file.

---

[3] Although the Court received a $8.00 "partial filing fee" from the Department of Corrections, it has not received the initial partial filing fee of $7.50 from Plaintiff. Unlike the partial filing fee, which the Department automatically withdraws from an inmate's account as funds become available, the initial partial filing fee is a fee that must be withdrawn by the Plaintiff and remitted by the Plaintiff to the Court.

Case No. 3:23cv3469-MCR-HTC

At Pensacola, Florida, this 9th day of May, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.